**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br><br>Appellee<br><br>v.<br><br>DENNIS JEROME BANKS,<br><br>Appellant | : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 1114 MDA 2014 |

Appeal from the PCRA Order Entered June 9, 2014
in the Court of Common Pleas of Adams County,
Criminal Division, at No(s): CP-01-CR-0000042-2006
and CP-01-CR-0000049-2006

BEFORE: BENDER, P.J.E., JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 28, 2015**

Dennis Jerome Banks (Appellant) appeals from the June 9, 2014[1] order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In 2007, following his convictions of numerous drug-related crimes at the above two docket numbers, Appellant was sentenced to an aggregate term of 10½ to 21 years of imprisonment.[2] This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2009 after our Supreme Court denied his petition for allowance of appeal.

---

[1] The order is dated June 5 and was entered on the docket on June 6; however, the docket reflects that the order was not mailed to Appellant until June 9, 2014.

[2] This included application of mandatory minimum sentences pursuant to 18 Pa.C.S. § 7508(a)(3)(i).

*Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Banks***, 954 A.2d 31 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 964 A.2d 893 (Pa. 2009).

Appellant's first, timely-filed PCRA petition resulted in no relief. Appellant filed the petition that is the subject of the instant appeal on March 17, 2014. Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is illegal under ***Alleyne v. United States***, ––– U.S. –––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury). Motion for Post Conviction Collateral Relief, 3/17/2014, at 3.

The PCRA court issued notice of its intent to dismiss the petition without a hearing, to which Appellant filed a response in opposition. On June 9, 2014, the PCRA court entered an order dismissing Appellant's petition based upon lack of jurisdiction. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant claims that the PCRA court erred in determining that his petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f

a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

It is clear that Appellant's 2014 petition is facially untimely: his judgment of sentence became final in 2009. However, Appellant alleges that his petition satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Appellant's argument is unavailing. As the PCRA court aptly noted, the exception does not apply because Appellant's petition was not filed within 60 days of the ***Alleyne*** decision. PCRA Court Opinion, 9/3/2014, at 4; ***see also Commonwealth v. Boyd***, 923 A.2d 513, 517 (Pa. Super. 2007) ("With regard to an after-recognized constitutional right, this Court has held that

the sixty-day period begins to run upon the date of the underlying judicial decision.”). Furthermore,

> [e]ven assuming that ***Alleyne*** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant’s argument regarding the PCRA time-bar.

***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014).

Accordingly, Appellant failed to establish the applicability of a timeliness exception, and the PCRA court properly dismissed the petition for lack of jurisdiction.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015

[3] As the PCRA court noted in its order dismissing Appellant’s petition, the timeliness exception of 42 Pa.C.S. § 9545(b)(1)(iii) may be available to Appellant in the future if an appropriate court holds that the ***Alleyne*** decision is a new right with retroactive application. Order, 6/9/2014.